## Ludman *v.* Miller, Appellant et al.

Argued September 30, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*William T. Connor,* with him *John R. K. Scott* and *Hardie Scott,* for appellant.

*Michael H. Egnal,* for appellee.

PER CURIAM, December 16 1938:

This was an action in trespass, brought by a tenant against his landlord to recover damages for personal injuries sustained because of a fall, at night, from a porch, the railing of which had been removed by the landlord in connection with repairs to the porch and which had been negligently left unguarded and without light or warning. The plaintiff recovered a verdict on which judgment was duly entered. The defendant appealed.

The evidence was sufficient to support a finding that the defendant had been negligent.

The assignments of error are confined (1) to the refusal of the court below to direct a verdict for the defendant; (2) to the refusal of the defendant's motion for judgment non obstante veredicto. The ground relied upon by the appellant was the contributory negligence of the plaintiff.

The porch involved seems to have been a narrow one —about three feet wide—running along the rear of the first floor of defendant's building and raised some four feet above the ground. It was ordinarily protected by a railing on three sides, except where a flight of steps led down to the ground. It was used by the plaintiff to carry his garbage and waste from his second story rear apartment to the garbage and waste receptacle in the yard.

We are unable from a reading of the evidence in the record to visualize the circumstances attending the accident as we like to do, especially as respects, (1) the position of the steps with reference to the door used by the plaintiff to get onto the porch; (2) the place where the plaintiff fell—whether down the steps or at a point on the porch away from the steps; (3) whether the porch had a roof or was open to the sky. It may be that on the trial there was a rough plan or diagram, with marks or other indications, not of record,—(see, inter alia, 47a, 48a, etc.)—or that explanatory gestures were made at the trial, all of which enabled the court and jury to get a fair understanding of the facts surrounding the accident, which do not appear in the printed record before us. But the defendant is just as much responsible for this lack of clarity as the plaintiff.

The evidence of plaintiff's witnesses made out a case of negligence on the part of the defendant. It failed to convict him of contributory negligence as matter of law, that is, plaintiff's contributory negligence did not clearly appear from the testimony presented by him.

This was not a case of the plaintiff walking in the dark in a strange place. He was familiar with the porch and knew that it had a railing around it except where the steps led down to the yard. He was warranted in thinking that it was there the night of the accident, as no warning of its temporary removal by the landlord had been given.

The evidence in the record before us does not require a finding that the plaintiff was guilty of contributory negligence as matter of law. It was a question of fact for the jury.

Judgment affirmed.