**Helen JAMES, a/k/a Helena James,
Plaintiff,**

**v.**

**James BOINES et al., Defendants.**

Superior Court of Delaware,
New Castle.

June 1, 1972.

Morton R. Kimmel, Wilmington, for plaintiff.

David Snellenburg, II, of Snellenburg & Sandstrom, Wilmington, for defendants James and Ethel Boines.

Warren B. Burt, of Prickett, Burt, Ward & Sanders, Wilmington, for defendant First Federal Savings and Loan Association of New Castle County.

## OPINION

CHRISTIE, Judge.

This is an action for personal injuries incurred when the plaintiff fell from a walkway to the ground two stories below. The defendants have moved for summary judgment.

The plaintiff, Helen James, was an employee of the Gas Lamp Club which is located at 911–915 Shipley Street in Wilmington. On July 13, 1970, she was required to go to a supply room located in the building at 911 Shipley Street. Because of the manner in which the buildings had been constructed, to gain entrance to the supply room, the plaintiff had to walk across a catwalk which connected the two buildings, two stories above an alleyway. The plaintiff found that the supply room door was locked and commenced walking back across the walkway when one of the boards upon which she stepped sank down causing her to lose her balance. As a result, the plaintiff fell directly off of the walkway and into the alley below, landing on her back.

The catwalk was about ten years old and extremely weather-beaten. The wooden boards appeared to have been rotting and the railing had fallen off not more than one year before the accident.

To facilitate an understanding of the relationship of the defendants in this case, it is necessary to consider their interests in the buildings. The defendant, First Federal Savings and Loan Association, purchased the 911 Shipley Street property early in 1970 subject to an existing lease with the defendant, James Boines. This lease provided that Boines would be responsible for all repairs and maintenance of the premises, interior and exterior. Boines further agreed to remove the walkway at his own expense upon termination of the lease. First Federal assumed the landlord's rights and obligations under this agreement when it became landlord of its newly acquired property in 1970.

The defendant, James Boines, and his wife, defendant, Ethel Boines, in addition to the leasehold interest in 911 Shipley Street, were the owners of 913–915 Shipley Street. They leased the second floor of 913–915 to the Gas Lamp Club and also subleased to Gas Lamp Club the second and third floors of the 911 Shipley Street building. The catwalk is located on the roof of 911 Shipley Street.

The plaintiff brought this action against First Federal and Mr. and Mrs. Boines for the injuries resulting from her fall. Both First Federal and the Boines have moved for summary judgment.

### I

First Federal has moved for summary judgment on the ground that it had no duty to maintain or repair the walkway from which the plaintiff fell. In light of the fact that the tenant Boines covenanted to maintain and repair the entire premises, it is clear that First Federal, as landlord, retained no control whatsoever for the care of the building.

The law is well settled that where only the tenant has the burden of maintaining and repairing the leased property under a covenant to repair, neither the tenant, or those claiming under him may recover from the landlord for injuries suffered on the leased premises. Grochowski v. Stewart, Del.Super., 3 Storey 330, 169 A.2d 14 (1961). Under the circumstances here present an invitee of the tenant, or the employee of the subtenant has no better claim against the landlord than the

tenant. See Slovin v. Gauger, Del.Super., 193 A.2d 452 (1963). Of course, where the landlord retains a portion of the building under his control, such as a common hallway, he must use reasonable care to maintain that area. Young v. Saroukos, Del.Super., 185 A.2d 274 (1962), aff'd Del.Supr., 189 A.2d 437 (1963). However, that is not the case here, for First Federal clearly released all control to its tenant under the lease and was relieved of its duty to maintain and repair.

■ In her argument against the motion for summary judgment, plaintiff has cited many authorities which demonstrate that the landlord has certain responsibilities which he cannot covenant away. I find these cases inapposite for they concern duties to the public generally or defects which existed at the time of the letting. In the instant case, the plaintiff was an employee of the subtenant and not a passerby on the street. The danger did not exist at the time the lease was entered into between the tenant and the original landlord, First Federal's predecessor. Rather, the plaintiff was an employee of the subtenant who leased the property from the tenant. Stated simply, the subtenant has no greater rights against the landlord than the tenant, nor does the subtenant's employee. See 52 C.J.S. Landlord and Tenant §§ 420–421.

The defendant, First Federal, having no duty to maintain the walkway, is not responsible for the unfortunate accident. Accordingly, its motion for summary judgment was granted after oral argument.

## II

The defendants Mr. and Mrs. Boines have also moved for summary judgment on the grounds that the catwalk was in the control of the Gas Lamp Club and that, therefore, the defendants as lessor and sublessor of the two buildings are not liable. Unlike the First Federal lease, the agreement between the Boines and the Gas Lamp Club did not place the entire burden of repair on the tenant. Rather, the landlord covenanted to repair the roof, main

sewer and the sidewalk. No mention was made about control over the catwalk in question. The Boines contend that the duty to maintain and repair this passageway was in the subtenant who, they point out, did repair the walkway following the accident. On deposition the manager of the Gas Lamp Club admitted that he did undertake to repair this area but that he thought the primary responsibility of such repair was in the landlord.

The plaintiff argues that because of the proximity of the catwalk and the roof they are really part and parcel of each other and that when the defendants Boines covenanted to maintain the roof it was intended that the walkway be included therein. This contention is supported by the deposition of the manager of the Club lessee.

■ It is apparent that there is such an ambiguity in the lease that the intention of the contracting parties cannot be determined on the face of the document. Therefore, extrinsic evidence will be needed to determine whether the parties to the lease intended the catwalk to be considered as an extension of the roof and thus to be maintained by the landlord. See Panaroni v. Johnson, 158 Conn. 92, 256 A.2d 246 (1969); Kalicki v. Bell, App.Div., 83 N.J. Super. 139, 199 A.2d 58 (1964). Of course, the conduct of the Gas Lamp Club in repairing the catwalk subsequent to the accident is material in determining who was in control but it is not conclusive. This is an issue that must be determined by a jury. Grochowski v. Stewart, *supra*.

The defendants Boines also contend that the plaintiff was contributorily negligent as a matter of law. This has traditionally been a question for jury determination. Cook v. Simon, 98 Conn. 98, 118 A. 634 (1922); Gillespie v. Plotka, 157 A. 175, 9 N.J.Misc. 1230, (1931); Ludman v. Miller, 133 Pa.Super. 361, 3 A.2d 32 (1938). The Court cannot rule on the record before it in this case that plaintiff was negligent as a matter of law.

■ Alternatively, the defendants Boines contend that the walkway is not, in fact,

a part of the leased premises but that it is extraneous. They argue that they are not liable to injuries incurred by the tenant or its employees because those persons are mere licensees. I cannot agree. The walkway is a necessary element to the enjoyment of the demised premises. The landlords would be responsible under the present facts, for the care and maintenance of the catwalk, if it is found that the walkway was not a part of the property leased to the club.

I find that the defendants Boines have not clearly established that there is no disputable issue of fact. Summary judgment as to them must be denied. Watson v. Shellhorn & Hill, Inc., Del.Supr., 221 A.2d 506 (1966); Ebersole v. Lowengrub, Del. Supr., 4 Storey 463, 180 A.2d 467 (1962).

Accordingly, summary judgment for the defendant First Federal Savings and Loan Association has been granted and summary judgment for the defendants James and Ethel Boines is hereby denied.

It is so ordered.