[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MILLS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Certain defendants in this case have filed a motion for summary judgment. The plaintiffs here formerly worked for Gravymaster Inc. That corporation leased a building from several defendants in this case which the motion for summary judgment refers to as the Mills defendants. The plaintiffs claim to have become ill due to the manner in which the building they worked in was constructed and maintained. Counts 1 and 3 are directed against the Mills defendants by two separate plaintiffs. However, the counts contain the same factual allegations of negligence.
Certain facts do not appear to be in dispute between the Mills defendants who have filed this motion and the plaintiffs. The lease between Gravymaster and the defendants provides that Gravymaster must indemnify the Mills defendants for any liability or expense arising from the use and occupation of the building. The plaintiffs made workers compensation claims against their employer Gravymaster and its insurer for the injuries they allegedly received at work and which also are the basis of the claim in this suit. The plaintiffs have been compensated for their claims through the workers compensation act.
In June 1995 the Mills defendants filed a motion for summary judgment.
Several cases have defined the scope of the remedy in motions for summary judgment. In United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 377 (1969) the court said that in passing on a defendant's motion "the trial court is limited to deciding whether an issue of fact exists but in passing on that motion it cannot try that issue if it does exist." On the other hand it is not enough if the party opposing summary judgment claims that there is an issue of material fact. Some evidence by way of counter affidavit or documentation must be presented, Hartmann v.Smith, 158 Conn. 613, 614 (1969); "Mere statements of legal CT Page 4010-LLLL conclusions or that an issue of fact does exist are not sufficient to raise the issue". United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. at p. 377.
The parties have spent much time discussing the case ofStevens v. Polinsky, 32 Conn. Sup. 96 (1974) cited by the defendants. In Stevens the plaintiff was an employee of Loring Studios, Inc. She was injured after falling on a portion of the premises leased by her employer from the defendant landowners. The jury gave a verdict in the amount of $25,000 in favor of the plaintiff against the building owners. On the indemnification claim of the owners against the employer Loring the jury awarded $27,750.00 — the additional sum of $2750. being for attorneys' fees.
The general rule is that a lessor is not liable for accidents or injuries on wholly demised property. There are exceptions to this general rule one of which for example is so-called "public use" exception. Stevens I suppose could be read as standing for the broad proposition that the public use or other exceptions to lessor non-liability on wholly demised property does not apply to permit an employee of the lessee to sue the lessor. The problems such a rule would create were obviated in the specific factual setting of Stevens since the trial on the underlying claim and the indemnification claim had been held and the monetary awards were the same. No one could argue under the worker's compensation statute or otherwise that the employee should be entitled to double recovery.
But Stevens can be more narrowly read for the unremarkable proposition that the owner landlord cannot be subject to suit by the lessee's employee where the injury or accident occurred in a portion of the premises not under the landlord's control because control of the demised premises had been given to the tenant. That's all the several cases cited by the defendants really stand for, Bruno v. Benequista, et al., 572 N.Y.S.2d 497, 498 (1991), Jamesv. Boines, 294 A.2d 94, 95, 96 (Del. 1972), Phillips v. Stowe MillsInc., 167 S.E.2d 817, 820 (1969), McCurtis v. Detroit Hilton,242 N.W.2d 541, 543 (Mich. 1976), Stokenberg v. Forte Towers SouthInc., 430 So.2d 558, 559 (Fla., 1983).
So Stevens or even an analysis of the terms of the lease do not allow the court to avoid what is basically at issue here — the questions of control or possession of the leased premises or at least the portion whose condition caused injury and/or the question CT Page 4010-MMMM of whether liability should attach because the landlord knew or should have known of a hidden defect at the time the premises were leased.
Or to put it another way Section 31-293(a) makes clear that the worker does not give up his or her rights because of workers' compensation to any claim he or she might have against a person other than the employer. That is, the employer can waive its rights under the act and despite the existence of an indemnification clause the employer as well as the owner must be presumed to know of the common law liabilities the owner could be exposed to in a claim by the employee. If despite that the employer decided to have an indemnification clause in the lease that should be its problem not the worker's as long as double recovery can be avoided.
Because of all this the court cannot escape the necessity of deciding the issue raised by the plaintiff's request to rely on Practice Book § 382. The plaintiff wishes the opportunity to pursue discovery by way of interrogatories and deposition so that it can develop its theory of owner control of the premises and knowledge of the defective condition which would preclude the ordinary rules barring landlord liability to injured parties arising from injury on wholly demised premises. On the Practice Book § 382 issue certain matters must be discussed.
On February 1, 1996 the plaintiffs filed an objection to this motion "for the reason that discovery is still ongoing in this case." The objection goes on to state that the plaintiffs have filed a "comprehensive set of interrogatories" and requests for production directed toward the Mills defendants. The information that is sought it is claimed is needed so that the plaintiffs can respond to the defendants' motion.
The objection also notes the defendants have refused "to answer a single interrogatory or request posed to them." It is also said that depositions of two of the Mills defendants were noticed but the defendants have refused to produce the witnesses so that they will have to be subpoenaed to produce their attendance. The plaintiffs therefore objected to the motion relying of Practice Book § 382 and noted they had previously filed a motion for extension of time to respond to the defendants motion for summary judgment to which the defendants also objected.
The plaintiffs filed a brief to on February 16, 1996 and the CT Page 4010-NNNN above mentioned theme is picked up at page 10 of this brief. The brief argues that the case depends on issues of knowledge and control. The plaintiffs argue that: "these factual questions of control and knowledge cannot be resolved at this time by way of summary judgment. It is inappropriate to do so. Further, plaintiffs do not have available to them at this time much of the information that would allow them to answer these questions. It was primarily in an effort to obtain this information that the plaintiffs had requested in extension of time to respond to GM's (Mills defendants) Motion for Summary Judgment. Many of Plaintiff's interrogatories are designed to obtain this information" (excerpts from the plaintiffs' interrogatories are attached to the decision).
Practice Book § 382 states that:
 Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present facts essential to justify his opposition, the court may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just. (P.B. 1963, Sec. 301).
Defense counsel opposes the plaintiffs' request to be allowed discovery in this matter, relies on Dorazio v. M.B. Foster ElectricCo., 157 Conn. 226, 230 (1968), other cases, and the procedural history of the case to argue that a further continuance would be unfair to her clients and should not be permitted under Practice Book § 382.
Most of the procedural history is cited by the defendants in their brief of February 22, 1996.
The court will set forth the procedural history necessary to decide this issue.
• July 19, 1991 — Plaintiffs file their complaint.
 • December 2, 1994 — Plaintiffs first serve discovery on the Mills defendants.
 • January 30, 1995 — Mills defendants serve responses to plaintiffs' interrogatories.
CT Page 4010-OOOO
 • March 6, 1995 — Mills defendants serve response to plaintiffs' requests for production.
 • March 8, 1995 — Mills defendants serve their answer, which (i) denies control of the building and (ii) includes a special defense asserting that others controlled and created conditions which allegedly caused plaintiffs injury.
 • June 19, 1995 — Mills defendants file the motion for summary judgment now before the Court.
 • June through August, 1995 — Plaintiffs request and receive from Mills defendants two extensions of time to respond to motion for summary judgment. Plaintiffs serve no further discovery on Mills defendants.
 • August 10, 1995 — Plaintiffs file a motion for a 90-day extension of time to respond to summary judgment to do discovery from Mills defendants. No motion for non-standard discovery filed.
 • October 19, 1995 — The court grants 90-day extension to reply to summary judgment.
 • January 17, 1996 — Ninety-day extension ends. No discovery or opposition to summary judgment yet served on Mills defendants.
 • January 19, 1996 — Mills defendants reclaim summary judgment motion and file supplemental memorandum to attempt in their words to deflect further efforts by plaintiffs to delay.
 • January 22, 1996 — Pretrial scheduled for March 1, 1996.
• January 23, 1996 — Plaintiffs (i) file CT Page 4010-PPPP request for permission to serve 647 non-standard interrogatories including sub-parts and 32 requests for production, (ii) serve deposition notices and (iii) seek a second 90-day extension to conduct discovery.
 • February 5, 1996 — Objection to motion for summary judgment based on need for further discovery.
 • February 13, 1996 — Summary judgment motion on short calendar.
 • February 26, 1996 — Summary judgment on short calendar and argued.
Other facts that may be relevant to a decision on this matter should be noted. The court spoke to the trial assignment clerk, Mr. Hildrich. He informed me that 1991 cases such as this case will be brought in for status conferences in June or July of 1996. Trials will not be scheduled before August 31, 1996. Trials on these 1991 cases will be scheduled to commence at some date between September 1, 1996 and February 1997 — the date or week of trial to be selected by the parties.
Practice Book § 382 obviously places a great deal of discretion in the trial court to decide whether the non-moving party should be given additional time for discovery so it can prepare affidavits and other documentation to counter a motion for summary judgment. The section seems to require "affidavits" from parties setting forth reasons why for example the non-moving party should be given additional time to prepare a response. I think representations in court by officers of the court submitted to writing in two documents filed in court as to why additional time is needed would be the equivalent of the affidavit procedure.
Dorazio v. M.B. Foster Electric Co., 157 Conn. 226 (1968) is one of the leading cases discussing appropriate practice under Practice Book § 382. Dorazio involved a negligence action where the defendant filed a motion for summary judgment along with appropriate affidavits. The lawyer for the plaintiff filed his own affidavit in which he made statements supporting his `client's position which were based on hearsay communications from people who purportedly had knowledge about the case. This the court said was clearly inadequate. CT Page 4010-QQQQ
At the hearing on the motion counsel for the plaintiff said it was difficult to obtain the necessary affidavits and the defendants themselves had exclusive knowledge of the facts surrounding the issue of control of scaffolding at a construction site. But the trial court did not accept that excuse for not responding to the defendant's motion. The Supreme Court upheld the trial court's granting of the summary judgment motion noting seven months had passed since the motion had been filed.
In its brief of February 16, 1996 the plaintiff did attach interrogatories which certainly seem geared to elicit information relevant to the control and knowledge aspects of this case and which would seem to refer to facts that would lie exclusively within the exclusive possession of the defendants. In that sense the case is not like Dorazio where counsel for the plaintiff did not indicate "what facts (were) within the exclusive knowledge of the moving party and what steps (they) have taken to attempt to acquire those facts", 157 Conn. at page 230.
This case is like Dorazio in the sense that as in that case over seven months went by after the summary judgment motion was filed and the plaintiffs still had not procured the necessary information through discovery to prepare the necessary affidavits and/or documentation to attempt to rebut the motion. There are differences between this case and Dorazio, however, Dorazio
involved a simple negligence claim against a single defendant. Here there are multiple defendants and an examination of the file indicates there was fairly vigorous motion activity occurring in the fall of 1995 and January 1996.
Failure to rebut the motion for summary judgment in Dorazio
seems ascribable to mere inattentiveness by counsel. It is more difficult to say that here. Counsel did file another motion for extension for time to prepare its response although it was filed several days after the October 19 extension expired. The same is true of the interrogatories filed by the plaintiff along with the notice of deposition of the Mills defendants all of which post dated the January 17, 1996 extension date. However, the interrogatories were filed January 23, 1996 and comprise some 54 pages with over 600 individual questions and over thirty requests for production. Although counsel for the plaintiff apologizes for the delay and admits she should have filed the interrogatories and I supposed conducted the depositions sooner, it is apparent that we do not have a situation here where a lawyer frittered away her time CT Page 4010-RRRR and cavalierly ignored court orders or the responsibilities owed to the clients. To the contrary the interrogatories submitted indicate counsel spent a great deal of time preparing her case.
All of this is of small comfort of course to the Mills defendants and their lawyer who filed a motion for summary judgment in the summer of 1995 and certainly prepared their case vigorously in advancing that motion. There is really no good reason that the interrogatories and depositions could not have been submitted and gone forward in the fall of 1995 while the October 19, extension period had not expired. On the other hand if these interrogatories had been filed a week or two sooner and the depositions had been similarly noticed I probably would have granted a further extension for some period of time if not for a full ninety days. Under the circumstances presented here counsels failure to file these interrogatories or make a request for further extension of time is probably as counsel for the plaintiff says, based on pure oversight on her part.
The question is what do I do now in an attempt to be "just" as Practice Book § 382 so artfully and unavoidably puts it. The problem here is that I am being asked to grant a dispositive motion which will throw these plaintiffs out of court as regards these particular defendants without a chance to develop the full factual basis for a decision on the merits of the motion. The ready answer to that by the defendants is that plaintiffs' counsel had that chance and did not take advantage of it for over seven months. But if I enforce the rules here in the way being suggested the people I am really punishing are the clients and before that should be done, at least for me, certain criteria must be met. The conduct of the lawyer in not preparing his or her response to a motion by the moving party must be done in such a way as to indicate intentional discourteousness to opposing counsel with little or no effort to prepare the case at the point at which the court is required to take action. Another consideration is the effect of the delay on the moving parties. No one wants or should have to face the prospect of having a suit hanging over their heads when our rules of practice are supposed to provide an expeditious method of settling litigation through motions to dismiss, to strike and for summary judgment. However, where a party seeks dispositive relief on a claim it makes or against which it defends itself, I believe there is more reason for a party to prevail in circumstances such as presented here when the party can show the very nature of the suit strongly impinges on their ability to engage in ongoing underlying activity in their business or personal CT Page 4010-SSSS life or where the delay has prejudiced their ability to secure evidence or witnesses to support their position.
Here there has been a delay of several weeks if we concentrate on the date the October 19 extension period ran out and the dates on which the interrogatories and deposition came into this litigation. It might be appropriate although I am not deciding to do so now, to impose sanctions of some sort since the defendants have been forced to file a series of motions and make court appearances which would not have been necessary if the plaintiffs had proceeded more expeditiously.
I will permit further discovery in this case but will only extend the time for the plaintiffs to file affidavits and documentary evidence 60 days from the date of this decision. I suggest during that time they conduct the necessary depositions which might obviate the need for voluminous interrogatories. I further suggest that if any interrogatories or production requests are felt by the plaintiff to be necessary to deal with the issues of control and knowledge they should be immediately identified for opposing counsel. If defense counsel opposes any of the interrogatories or production requests the matter should be set down for argument before me on short calendar day or any other day convenient to the parties and the court but as soon as possible. I will set final argument on this motion down before me on July 29, 1996. The plaintiffs must have all the affidavits and documentation necessary for a hearing on this motion prepared by that date, however such material must be delivered to defense counsel by July 22, 1996. Under the circumstances of this case if defense counsel needs more time to prepare counter-affidavits she may select a date for the hearing on the motion later in August informing my clerk and opposing counsel of the date. I will make every effort to decide this matter then before the end of August 1996.
Thomas Corradino, Judge