*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LESTER LAVALAIS,

        Plaintiff-Appellant,

v

POINTE INVESTMENT, LLC,

        Defendant-Appellee.

UNPUBLISHED
February 10, 2022

No. 356287
Oakland Circuit Court
LC No. 2019-176848-NO

Before: GADOLA, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Plaintiff, Lester LaValais, appeals as of right the order of the trial court granting defendant, Pointe Investment, LLC, summary disposition of his premises liability claim under MCR 2.116(C)(10). We affirm.

## I. FACTS

On July 5, 2018, while working as an employee of the Salvation Army, plaintiff was injured when a large box fell on him, injuring his back and left leg. At the time of the accident, plaintiff was working inside a warehouse owned by defendant and leased by the Salvation Army. According to plaintiff, the warehouse roof leaked and water sometimes accumulated by the walls of the warehouse, soaking the large stacked boxes. On the day he was injured, plaintiff noticed that the box in question had been weakened by water damage and that the pallet on which the box was resting was cracked. Shortly thereafter, the box fell from the pallet onto plaintiff. Plaintiff brought this lawsuit alleging negligence by defendant. Plaintiff alleged that because he was an invitee, defendant owed a duty to him to maintain the premises free from hazardous conditions and that defendant breached its duty by failing to repair the roof of the warehouse, resulting in water leaking onto the box causing it to weaken and fall on him.

Defendant moved for summary disposition under MCR 2.116(C)(10), asserting that at the time of plaintiff's injury the entire warehouse had been leased to the Salvation Army and that plaintiff failed to allege any facts showing that defendant possessed and controlled the roof of the warehouse. Plaintiff argued before the trial court that under the terms of the lease with the Salvation Army, defendant had retained possession and control of the roof. Plaintiff further

-1-

asserted that several Salvation Army employees knew that the roof had been leaking for years, that defendant had been notified of the leaks, and that defendant even had attempted to fix the leaks, thereby establishing a genuine issue of material fact regarding whether defendant had actual and constructive notice of the hazardous condition.

The trial court granted summary disposition in favor of defendant under MCR 2.116(C)(10). The trial court found that at the time of plaintiff's injury the Salvation Army, not defendant, was in complete possession and control of the premises, including the alleged hazardous condition that caused plaintiff's injuries, and thus, defendant owed plaintiff no duty. The trial court further found that defendant's lease with the Salvation Army that required defendant to make repairs to the roof upon written notice did not give defendant possession and control of that portion of the premises and also that plaintiff had failed to show that the requisite written notice had been provided. The trial court thereafter denied plaintiff's motion for reconsideration. Plaintiff now appeals.

## II. DISCUSSION

### A. STANDARD OF REVIEW

We review a trial court's decision to grant or deny a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). We also review de novo questions of statutory interpretation, *Vermilya v Delta College Bd of Trustees*, 325 Mich App 416, 418; 925 NW2d 897 (2018), as well as the trial court's determination whether a duty exists. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and may be granted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *El-Khalil*, 504 Mich at 160. When reviewing a motion for summary disposition under MCR 2.116(C)(10), we consider the documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

### B. NEGLIGENCE

Plaintiff contends that the trial court erred by determining that his claim is one of premises liability rather than ordinary negligence. We disagree.

Michigan law distinguishes between a claim of ordinary negligence and a claim premised on a condition of the land. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). To determine whether the gravamen of an action is one of negligence or premises liability we consider the plaintiff's complaint as a whole, regardless of the labels attached to the allegations by the plaintiff. *Id*. at 691-692. When a plaintiff alleges injuries arising from a dangerous condition on the land, the claim is one of premises liability rather than ordinary negligence. *Id*. at 692. In this case, plaintiff's complaint labels his claim as one of negligence, but he alleges that he was injured as a result of a condition of the premises, i.e., a leaking roof that permitted water to enter the warehouse and damage a box that collapsed onto him. The trial court

therefore did not err by considering plaintiff's claim as one of premises liability rather than one alleging ordinary negligence.

## C.  PREMISES LIABILITY

Plaintiff contends that the trial court erred by finding that defendant lacked possession and control of the roof and walls of the warehouse under the lease agreement between defendant and the Salvation Army.  We disagree.

In a premises liability action, as in any negligence action, the plaintiff must establish the elements of negligence.  *Goodwin v Northwest Michigan Fair Ass'n*, 325 Mich App 129, 157; 923 NW2d 894 (2018).  To establish a prima facie case of negligence, a plaintiff must demonstrate that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of those damages.  *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019).  The threshold question is whether the defendant owed a legal duty to the plaintiff, *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004), which is a question of law to be decided by the court.  *Hill*, 492 Mich at 659.  If the plaintiff fails to establish that the defendant owed the plaintiff a duty, summary disposition is properly granted to the defendant.  *Halbrook v Honda Motor Co, Ltd*, 224 Mich App 437, 441; 569 NW2d 836 (1997).

Unlike an action alleging ordinary negligence, however, liability in a premises liability action arises from the defendant's possession and control of the land.  See *Finazzo v Fire Equip Co*, 323 Mich App 620, 632-633; 918 NW2d 200 (2018).  The initial inquiry when analyzing a claim of premises liability is the duty owed by the possessor of the premises to a person entering the premises.  *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012).  The duty a possessor of land owes to a person who enters upon the land depends upon whether the visitor is classified as an invitee, a licensee, or a trespasser.  *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000).  An invitee is a person who enters upon the land of another by an invitation that carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises and to make the premises safe for the invitee's presence.  *Id*.  Here, the parties do not dispute that plaintiff was an invitee.  The possessor of land owes an invitee the duty to use reasonable care to protect the invitee from an unreasonable risk of harm posed by a dangerous condition on the premises.  *Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328, 337; ___ NW2d ___ (2021).  The possessor of the premises breaches that duty of care when he or she knows or should know of a dangerous condition on the premises of which the invitee is unaware, and fails to fix, guard against, or warn the invitee of the defect.  *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016).

Premises liability is based upon the possession and control of the premises, rather than ownership.  *Finazzo*, 323 Mich App at 632-633, citing *Merritt v Nickelson*, 407 Mich 544, 552-553; 287 NW2d 178 (1980).  Premises liability cannot be asserted when the defendant did not possess and control the premises.  *Finazzo*, 323 Mich App at 633.  A possessor of premises has been defined as (1) a person who occupies land with intent to control it, or (2) a person previously occupying land with intent to control it when no one subsequently occupies the land with intent to control it, or (3) a person entitled to immediate occupation of the land if no other person possesses the land under (1) or (2).  *Merritt*, 407 Mich at 552.  Although possession and control are indicia

of ownership, an owner who has transferred possession and control to another rids himself or herself of the duty to keep an area reasonably safe by relinquishing control of the area to a tenant. See *Bailey v Schaaf*, 494 Mich 595, 609 n 36; 835 NW2d 413 (2013).

Inherent in a landlord-tenant relationship is the transfer of possession and control of the premises to the tenant. *Ann Arbor Tenants Union v Ann Arbor YMCA*, 229 Mich App 431, 442; 581 NW2d 794 (1998). Although a landlord owes a duty to its tenants and their invitees to keep areas under its control reasonably safe from physical hazards, a landlord's duty does not extend to the areas leased to the tenant because the landlord has relinquished its control over those areas to the tenant. *Bailey*, 494 Mich at 609 n 36. Stated differently, "a landlord who gives up control, possession and use of the land does not have a duty to maintain the premises in a reasonably safe condition and is not liable to persons injured on the premises." *McCurtis v Detroit Hilton*, 68 Mich App 253, 256; 242 NW2d 541 (1976).

In this case, the lease transferred exclusive possession and control of the entire premises of the warehouse to the Salvation Army; defendant did not retain possession and control of any part of the premises. The lease therefore effectively "loaned" defendant's possessory rights in the warehouse to the Salvation Army, transferring defendant's duty to make the premises safe to the Salvation Army and absolving defendant of that responsibility. See *Merritt*, 407 Mich at 553.

Plaintiff argues, however, that defendant retained possession and control over the structure's roof and four outer walls, citing Paragraph 12 of the lease, which provides, in relevant part, that defendant "after receiving written notice from the Tenant and having reasonable opportunity thereafter to obtain the necessary workmen therefor agrees to keep in good order and repair the roof and the four outer walls of the premises[.]" This language does not confer upon defendant a possessory interest, but rather imposes on defendant a limited duty to repair the roof and four outer walls upon written notice from the Salvation Army. A duty to repair upon written notice does not evince an intent that defendant occupy and control the roof and four outer walls, and plaintiff cites no authority that such a repair clause provides the necessary possession and control for purposes of premises liability. Similarly, contrary to plaintiff's assertions, Paragraphs 13 and 24 of the lease, which require the Salvation Army to obtain consent before altering the property and grant defendant a right to enter the premises to inspect it, do not convey possession and control of the premises to defendant. Because defendant did not possess and control the premises at the time of plaintiff's injury, defendant did not owe plaintiff a duty to protect against hazardous conditions on the property and is not liable for plaintiff's injuries. The trial court therefore did not err by granting defendant summary disposition.

### D. NOTICE

Plaintiff contends that a question of fact exists whether defendant had notice of the leaking roof, noting that multiple Salvation Army employees attested that the leaks existed for years and were verbally reported to defendant. Plaintiff's argument references legal principles of notice relevant to one who controls and possesses the land. Because we conclude that defendant did not possess and control the premises, defendant did not owe plaintiff a duty to warn against or repair dangerous conditions of the warehouse, regardless of whether defendant had notice. See *McCurtis*,

68 Mich App at 256. Accordingly, whether plaintiff had actual or constructive notice of the leaking roof is not determinative in this case.[1]

Affirmed.

/s/ Michael F. Gadola
/s/ Jane E. Markey
/s/ Christopher M. Murray

---

[1] In any event, we note that defendant's duty to repair the roof under Paragraph 12 of the lease was not triggered, as plaintiff provided no admissible evidence that the Salvation Army provided defendant written notice of the leaking roof.