*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LINDSEY BRESNAHAN,

Plaintiff-Appellant,

v

JJ ALPINE, INC.,

Defendant-Appellee.

UNPUBLISHED
July 2, 2019

No. 343165
Kent Circuit Court
LC No. 16-011398-NO

Before: K. F. KELLY, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

Plaintiff, Lindsey Bresnahan, appeals as of right the trial court's order granting defendant, JJ Alpine, Inc., summary disposition pursuant to MCR 2.116(C)(10) and dismissing the case in its entirety. For the reasons stated in this opinion, we affirm.

## I. BACKGROUND

This case arises from plaintiff's allergic reaction suffered after biting into a sandwich that she ordered from a Jimmy John's franchise in Comstock Park, Michigan which defendant owned and operated. On June 2, 2016, plaintiff placed a telephone order for herself and coworkers for lunch. She testified at her deposition that she told the person taking the order to omit Dijon mustard from her sandwich because she could not have it. Plaintiff took a bite of the sandwich without inspecting it first. The sandwich had Dijon mustard despite her request and she immediately began coughing, and experienced swelling of her tongue and throat. Plaintiff testified that she believed she is allergic to the horseradish in Dijon mustard. The part-owner and operational manager of the restaurant testified at his deposition that the restaurant had a comprehensive policy in place regarding food allergies, which required employees to treat orders made by persons who disclosed their allergies differently than a food preference. The staff member who took plaintiff's order testified that, if a customer indicated that he or she had a food allergy, the restaurant policy required the order taker to inform a manager who would yell out to the workers making sandwiches that an order regarding a food allergy had been placed. The sandwich makers were required to change their gloves and put paper on the "cold table" to

prevent cross-contamination. The employee who took plaintiff's order would put the necessary allergy information in the special instructions box on the order ticket.

Plaintiff alleged in her complaint that following this incident she could not speak above a whisper resulting in her inability to work and requiring her to go on disability. Plaintiff underwent speech therapy to regain the use of her voice. Plaintiff alleged that she suffered damages as a result of defendant's negligent preparation of her sandwich with Dijon mustard. Defendant moved for summary disposition and argued that, because plaintiff did not inform defendant of her allergy to Dijon mustard, her allergic reaction was unforeseeable. Specifically, defendant contended that plaintiff failed to establish that it owed her a duty or breached any duty that proximately caused her injury. Following a hearing on defendant's motion, the trial court granted summary disposition in favor of defendant, and ruled that defendant did not owe plaintiff a legal duty because defendant did not have notice of plaintiff's allergy. Specifically, the trial court observed that "defendant did not have an obligation to treat Dijon mustard as a danger to plaintiff's health or to otherwise anticipate undisclosed allergies." The trial court stated:

> Restaurants are not required to treat every deviation from the menu as if it could be a matter of life and death. Employees are also not required or expected to inquire about reasons for food preference modification requests.

The trial court reasoned:

> This was an unfortunate mistake made by defendant of the sort that is quite common in restaurants. If a restaurant is told about an allergy or health concerns with an ingredient, then there is an opportunity to take extra care to prevent inclusion of the ingredient or cross-contamination. However, without any disclosure by the customer or other indication of potential danger, the law does not require a food preference request to be treated as a health concern by making a restaurant liable for the extremely rare consequence of a severe allergic reaction. The severe allergic reaction as a result of the accidental inclusion of Dijon mustard in this case was not reasonably foreseeable.

## II. STANDARD OF REVIEW

As our Supreme Court stated in *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999) the legal standard for summary disposition is as follows:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996).

"Whether a defendant owes a plaintiff a duty of care is a question of law decided by the circuit court." *Hill v Sears, Roebuck and Co*, 492 Mich 651, 659; 822 NW2d 190 (2012). This Court reviews de novo "the determination whether a duty exists." *Id.*

III.  ANALYSIS

Plaintiff argues that the trial court erred in concluding that defendant did not owe her a duty. We disagree.

"To establish a prima facie case of negligence, plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Finazzo v Fire Equipment Co*, 323 Mich App 620, 635; 918 NW2d 200 (2018) (citation omitted). The issue before us is whether the restaurant owed plaintiff a duty, one of the essential elements of her negligence claim. We agree with the trial court's conclusion that, under the circumstances of this case, defendant did not owe plaintiff a duty.

"In common-law negligence cases, a duty is an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Rakowski v Sarb*, 269 Mich App 619, 629; 713 NW2d 787 (2006) (quotation marks and citation omitted). "More specifically, a duty concerns whether a defendant is under *any* legal obligation to act for the benefit of the plaintiff." *Id.* (quotation marks and citation omitted). Further, a court should consider the following factors in determine whether to impose a common-law duty:

(1) the relationship of the parties, (2) the foreseeability of the harm, [(3) the] degree of certainty of injury, [(4) the] closeness of connection between the conduct and injury, [(5) the] moral blame attached to the conduct, [(6) the] policy of preventing future harm, and, [(7)] finally, the burdens and consequences of imposing a duty and the resulting liability for breach. [*Id.* (quotation marks and citations omitted; alterations in original.]

This Court has directed that "[t]he inquiry is ultimately a question of fairness involving a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution." *Id.* (quotation marks and citation omitted). Unless a defendant owed a plaintiff a duty, there can be no tort liability. *Hill*, 492 Mich at 660. "Every person engaged in the performance of an undertaking has a duty to use due care or to not unreasonably endanger the person or property of others." *Id.* "The ultimate inquiry in determining whether a legal duty should be imposed is whether the social benefits of imposing a duty outweigh the social costs of imposing a duty." *Id.* at 661 (quotation marks, citation and alteration omitted).

In this case, the record confirms that plaintiff made a request for an ingredient modification in the sandwich that she ordered from defendant's restaurant. Importantly, the record does not show that plaintiff notified defendant's employee taking her order of her allergy. Because she did not do so, defendant did not undertake its stringent allergy protocol. Under such circumstances, we conclude that the trial court properly determined that, as a matter of law, defendant did not owe plaintiff the duty she claims it owed her. As a restaurant, defendant owed its customers a reasonable duty to provide them with safely prepared food for consumption. Plaintiff has not claimed that any ingredients in the sandwich were spoiled or that the sandwich

contained anything inherently dangerous to the general public, such as foreign objects. Plaintiff does not advance the argument that defendant owed her any heightened duty requiring defendant to protect her from exposure to undisclosed allergens. Instead, plaintiff argues that defendant's failure to make her sandwich as requested without Dijon mustard constituted a breach of duty warranting the imposition of liability on defendant. Plaintiff, however, did not inform defendant of her allergy to Dijon mustard. As a result, it is axiomatic that defendant could not foresee that plaintiff would suffer from a severe allergic reaction after she indicated she did not want one of the usual ingredients on her sandwich. See *Hill*, 492 Mich at 661 (stating that there can be no duty imposed when the harm is not foreseeable).

As noted earlier in this opinion, the record indicates that defendant had a procedure in place for responding to customers with allergies. In this case, the allergy protocol was not followed because plaintiff did not inform defendant that she had an allergy to Dijon mustard. Under such circumstances, imposition of a duty to protect against an undisclosed allergy would be unreasonable. This is particularly so because deposition testimony indicated that between 50% and 70% of approximately 400 daily sandwich orders at this Jimmy John's location contained some type of preference modification. In our view, it would be unreasonable to require restaurants to treat every order that requests a menu modification as a possible severe food allergy, especially in circumstances like those presented in this case where plaintiff did not disclose her allergy. The relationship between the parties and their respective conduct, and the burdens, consequences, and resulting liability do not justify the imposition of a duty upon defendant in this case. *Sarb*, 269 Mich App at 629. The trial court, therefore, correctly ruled that restaurants do not have a duty "to treat every deviation from the menu as if it could be a matter of life and death."

## IV. CONCLUSION

Under Michigan law, defendant cannot be held to have owed plaintiff a duty because defendant had not been advised by plaintiff of her allergy to Dijon mustard and her allergic reaction was therefore not foreseeable. Accordingly, plaintiff's negligence claim failed as a matter of law and the trial court properly granted defendant's motion for summary disposition and dismissed the case in its entirety.[1]

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ James Robert Redford

---

[1] Because we hold that defendant did not have a duty in this case, we need not address plaintiff's proximate cause argument.