*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARON DEBANO,

      Plaintiff-Appellant,

v

MCCARTHY & SMITH, INC.,

      Defendant,

and

FLOORING EDGE and LANSING CARPENTER,

      Defendants-Appellees.

UNPUBLISHED
June 22, 2023

No. 362766
St. Clair Circuit Court
LC No. 20-000694-NO

Before: SWARTZLE, P.J., and CAVANAGH and LETICA, JJ.

PER CURIAM.

Flooring Edge and Lansing Carpenter were contracted to do some construction work on the hallway floors of Keewahdin Elementary School. Plaintiff was a teacher at Keewahdin, and she slipped and fell on glue that had been spread on the hallway floor to repair it. The trial court granted Flooring Edge and Lansing Carpenter summary disposition. We affirm.

Plaintiff was walking in the hallway when her foot abruptly became stuck on wet glue that was placed on the hallway floor by Flooring Edge and Lansing Carpenter. As a result, plaintiff fell and severely injured her right arm and wrist. Plaintiff alleged that Flooring Edge and Lansing Carpenter were liable for her injuries because of their ordinary negligence.

During her deposition, plaintiff testified that she received an email from Keewahdin that informed her that construction was going to be occurring on the hallway floors. Plaintiff stated that she did not see the glue on the floor, and the hallway was not sectioned off with any warning. In contrast, Shayne Carpenter, an employee who was working on the flooring, testified during his deposition that the glue was a dark grey when it was wet and applied to the floor, and it was easy to see in contrast to the floor. Further, Shayne removed the caution tape around the glue because

the Fire Marshal needed to come through the hallway, but he stated that the caution tape was still on the wall leading into the hallway.

Lansing Carpenter moved for summary disposition under MCR 2.116(C)(10), concurred with by Flooring Edge, and argued that plaintiff's claim sounded in premises liability, not ordinary negligence, because plaintiff alleged that the hazardous conditions of the hallway caused her fall. Accordingly, Lansing Carpenter argued that he did not have possession and control of the premises to be liable, and that in the alternative the hazard was open and obvious. In conjunction with the motion, Lansing Carpenter attached a photo of the hallway that demonstrated that there were signs of construction work in the vicinity of the glue, including warning tape and stacks of tiles, and that the glue was a noticeably darker color than the floor.

The trial court agreed that plaintiff's claim sounded in premises liability because it occurred as a condition of the land, and plaintiff had admitted that neither Lansing Carpenter nor Flooring Edge had possession of the premises. The trial court then granted Lansing Carpenter and Flooring Edge summary disposition.

Plaintiff now appeals.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

Plaintiff's claim is based on an injury she received from a condition of the property—namely the wet glue that was on the floor. "A claim based on the condition of the premises is a premises liability claim." *Finazzo v Fire Equip Co*, 323 Mich App 620, 626; 918 NW2d 200 (2018) (citation omitted). "Because plaintiff's injury arose from an allegedly dangerous condition on the land, [her] action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id*. (cleaned up). For a party to be subject to premises liability, that party must possess and control the property at issue but not necessarily be its owner. *Id*. at 627.

This Court explained in *Finazzo* that "contractors performing changes to the property by methods that were under defendants' control, were also best able to prevent any harm to others." *Id*. at 629-630 (cleaned up). "So, it is appropriate to impose premises liability on defendants with respect to the work they controlled relating to changing the premises." *Id*. at 630 (cleaned up).

Plaintiff repeatedly concedes, however, that neither Flooring Edge nor Lansing Carpenter were premises possessors in this case. Instead, even on appeal, plaintiff argues that Port Huron Public Schools owned the property where plaintiff fell, and it was the premises possessor instead. By conceding that neither Flooring Edge nor Lansing Carpenter were a possessor of the premises, plaintiff has failed to create a genuine issue of material fact that would subject Flooring Edge or Lansing Carpenter to premises liability.

Nevertheless, the hazard in this case was also open and obvious. The open and obvious doctrine generally shields premises possessors from liability where the harm is caused by a condition on the land that was open and obvious. *Id*. at 626. "A condition of the land is open and obvious when it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. (cleaned up). In this case, the glue was open and obvious because it was a different color, when wet, than the surrounding floor. There were also signs of construction work in the vicinity of the glue, including warning tape and stacks of tiles. Additionally, plaintiff testified that she knew that construction work was going on. Thus, even if Flooring Edge and Lansing Carpenter are considered premises possessors for the purposes of being subject to premises liability, the hazard was open and obvious such that it shields them from that premises liability in this case.

Assuming for argument's sake that plaintiff's claim sounded in ordinary negligence, plaintiff still did not establish a prima facie case for Flooring Edge or Lansing Carpenter's liability. "Contractors have a common-law duty to perform their work with ordinary care so as not to unreasonably endanger employees of other subcontractors or anyone else lawfully on the worksite." *Id*. at 634. "To establish a prima facie case of negligence, plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Id*. at 635 (citation omitted).

As this Court explained, the "general duty of a contractor to act so as not to unreasonably endanger the well-being of employees of either subcontractors of inspectors, or anyone else lawfully on the site of the project, is well settled." *Id*. (cleaned up). In this case, plaintiff was warned of a known and observable hazard that would be temporarily on the floor. Thus, for many of the same reasons that the glue on the floor was an open and obvious hazard, neither Flooring Edge nor Lansing Carpenter breached a general duty to perform work "so as not to *unreasonably endanger* the well-being of…anyone else lawfully on the site of the project." *Id*. at 637 (cleaned up).

Therefore, the trial court did not err when it granted Flooring Edge and Lansing Carpenter summary disposition under MCR 2.116(C)(10).

Affirmed. Flooring Edge and Lansing Carpenter, as the prevailing parties, may tax costs under MCR 7.219.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Anica Letica