*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAMILLA JONES,

      Plaintiff-Appellant,

v

UNIVERSAL CITY ESTATES ASSOCIATION and
CASA BELLA PROPERTY MANAGEMENT,
INC.,

      Defendants-Appellees.

UNPUBLISHED
December 21, 2023

No. 363926
Macomb Circuit Court
LC No. 2022-000726-NO

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

In this premises-liability action, plaintiff appeals as of right the trial court's order granting summary disposition to defendants. We affirm.

## I. FACTUAL BACKGROUND

On March 6, 2019[1], plaintiff, the resident and owner of a condominium unit located in Warren, arrived at her residence at approximately 8:30 a.m., following a midnight shift at a local hospital where she was employed as a registered nurse. Plaintiff recalled it was cold, she was wearing a coat, and there was ice on the ground, but no visible snow on the premises. Plaintiff further observed an ice patch on the sidewalk, which she attributed to a leaking gutter on the property as the residual water flowed into the carport area, which remained an issue since plaintiff first purchased her condominium in March 2008. Plaintiff reported the matter to defendants on several occasions, as they owned and managed the property; however, ice continued to accumulate

---

[1] There are conflicting dates in the evidentiary record regarding when plaintiff's fall occurred. While plaintiff's deposition testimony, defendants' motion for summary disposition, and defendants' appellate brief provide the incident occurred on March 6, 2019, plaintiff's complaint, plaintiff's response to defendants' motion for summary disposition, and the trial court's opinion and order list March 8, 2019, as the date of the fall.

on the sidewalk leading to the carport, which was accessible from the back door of plaintiff's condominium unit. Universal City Estates Association is the condominium association responsible for the complex where plaintiff's injuries transpired, and Casa Bella Property Management, Inc., oversees the day-to-day management of the property.

Following her initial 8:30 a.m. arrival on the premises on March 6, 2019, plaintiff remained in her residence until approximately 1:00 p.m. or 2:00 p.m., when plaintiff attempted to access her vehicle, which was located in the condominium carport, through the aforementioned pathway. Plaintiff subsequently slipped and fell onto her right side, landing on the neighboring grassy area surrounding the sidewalk; plaintiff noted it was immediately before the doorway to the carport. At the time, plaintiff did not see a puddle or ice on the pathway as she was walking straight ahead, but plaintiff observed dissipating snow in the grassy area. Following her fall, plaintiff was unable to lift herself off the ground, she proceeded to yell until one of her neighbors arrived to assist her, and plaintiff was transported to the hospital by emergency services. Plaintiff expressed, "Anytime it rained or anytime there's ice or snow, it would always accumulate in that same area" until defendants fixed the leaking gutter in 2021.

Plaintiff filed a complaint contending that defendants knew of the dangerous condition, defendants failed to maintain the premises to minimize the hazard, plaintiff could not see the ice before slipping on the sidewalk, and plaintiff suffered severe injuries as a result. Defendants moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim upon which relief can be granted) and (C)(10) (no genuine issue of material fact). In the motion, defendants argued that plaintiff could not prevail because (1) she was a co-owner of the common areas of defendants' condominium complex, which invalidated any premises-liability claim as plaintiff was not on the land of another, (2) the undisputed facts establish that the icy area on the sidewalk where plaintiff claims she fell was an open and obvious condition that did not pose an unreasonable risk of harm, (3) plaintiff neglected to present a valid common law negligence claim, and (4) the Housing Law of Michigan (HLM), MCL 125.401 *et seq*., was inapplicable.

Plaintiff responded by arguing that there were genuine issues of material fact pertaining to whether (1) defendants maintained the sole responsibility of maintaining the commons areas, which included the sidewalk, as plaintiff's status as a co-owner of the common areas of the condominium complex did not absolve defendants of their duty to prevent unreasonable risks of harm, (2) under the premises-liability doctrine, defendants breached their duty to exercise reasonable care to protect plaintiff from the icy sidewalk because it failed to constitute an open and obvious hazard, (3) plaintiff was entitled to relief under the ordinary negligence canon, and (4) defendants violated their statutory duty under the HLM to prevent unsafe conditions in common areas.

The trial court granted defendants' motion for summary disposition under MCR 2.116(C)(10), opining (1) plaintiff's claims sounded solely in premises liability as opposed to ordinary negligence, (2) due to plaintiff's status as a co-owner of the condominium common areas, she was not on the land of another, and thus defendants owed plaintiff no duty under the premises-liability canon, (3) an analysis of the open and obvious doctrine was moot as the court established plaintiff was unable to advance a valid premises-liability claim, and (4) unpublished caselaw of this Court provided that a sidewalk failed to qualify as a "dwelling" under MCL 125.402, which rendered the HLM inapplicable in the instant matter. This appeal ensued.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision whether to grant a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). In this case, defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10); however, because the parties looked beyond the pleadings in arguing for and against the motion, and the trial court granted the motion without specifying the appropriate subsection, this Court treats the motion as though it were made under MCR 2.116(C)(10) only. *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 544; 904 NW2d 192 (2017).

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Albitus v Greektown Casino, LLC*, 339 Mich App 557, 561; 984 NW2d 511 (2021). "When considering a motion under MCR 2.116(C)(10), the trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Blackwell v Livonia*, 339 Mich App 495, 500-501; 984 NW2d 780 (2021). "A trial court must grant the motion if it finds no genuine issue as to any material fact and determines that the moving party is entitled to judgment or partial judgment as a matter of law." *Id*. at 501 (quotation marks and citation omitted). Whether a duty of care exists is a question of law for the trial court that this Court also reviews de novo. *Finazzo v Fire Equip Co*, 323 Mich App 620, 625; 918 NW2d 200 (2018).

## III. *FRANCESCUTTI*

Plaintiff argues the trial court erred when it granted defendants' motion for summary disposition because it incorrectly determined plaintiff was ineligible for relief due to this Court's precedent in *Francescutti v Fox Chase Condo Ass'n*, 312 Mich App 640; 886 NW2d 891 (2015), which dictated a plaintiff's status as a co-owner of the common areas of the condominium complex barred him or her from relief on premises-liability grounds. We disagree.

In a premises-liability action, a plaintiff must demonstrate the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages. *Goodwin v Northwest Mich Fair Ass'n*, 325 Mich App 129, 157; 923 NW2d 894 (2018). However, a claim of premises liability arises from a defendant's duty as an owner, possessor, or occupier of land. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012).

The initial inquiry when examining a claim of premises liability is to establish the duty owed by the possessor of the premises to a person entering the property. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). The element of duty in a negligence action generally is a question of law to be decided by the trial court. *Hill v Sears, Roebuck & Co*, 492 Mich 651, 659; 822 NW2d 190 (2012). The duty a possessor of land owes to a person who enters upon the land depends upon whether the visitor is classified as an invitee, a licensee, or a trespasser. *Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket Nos. 162907 and 163430); slip op at 39. An invitee is a person who enters upon the land of another by an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises and to make the premises safe for the invitee's presence. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). A

-3-

plaintiff will be classified as an invitee solely if the purpose for which the person was invited onto the owner's property was "directly tied to the owner's commercial business interests." *Id*. at 604.

The possessor of land maintains the utmost duty to an invitee, being the "duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, ___ Mich at ___; slip op at 43 (quotation marks and citation omitted). The possessor of the premises contravenes that duty of care when he or she knows or should know of a dangerous condition on the premises of which the invitee is unaware, and neglects to fix, guard against, or warn the invitee of the defect. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016); see *Kandil-Elsayed*, ___ Mich at ___; slip op at 44 (stating its decision does not alter the standard of reasonable care owed to an invitee). A plaintiff must establish that "the premises possessor had actual or constructive notice of the dangerous condition at issue." *Lowrey*, 500 Mich at 8.

A licensee is a person who enters the land of another with the consent of the property possessor. *Stitt*, 462 Mich at 596. "A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved." *Id*. A possessor of land does not maintain a duty to a licensee "to inspect or to repair in order to make the premises safe for the licensee's visit." *Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 65; 680 NW2d 50 (2004) (quotation marks and citation omitted).

In *Francescutti*, the plaintiff, a condominium co-owner, slipped and fell on an icy sidewalk while walking his dog in a common area of the condominium complex. *Francescutti*, 312 Mich App at 641. The plaintiff filed a premises-liability action against the defendant condominium association contending that he was an invitee with respect to common areas of the complex; the condominium association advanced that the plaintiff was a licensee. *Id*. at 641-642. This Court declined both arguments, opining as follows:

> But neither the parties nor the trial court provide any authority for the proposition that the status of an owner of a condominium unit is either an invitee or a licensee with respect to the common areas of the development. Nor were we able to find any such authority. But this question can easily be resolved by looking at the definitions of those terms. A "licensee" is a person who is privileged to enter *the land of another* by virtue of the possessor's consent, while an "invitee" is a person who enters upon *the land of another* upon an invitation . . . .
>
> The key to the resolution of this case is the phrase in both definitions, "the land of another." Plaintiff did not enter on "the land of another." Plaintiff is, by his own admission, a co-owner of the common areas of the development. Plaintiff's brief acknowledges that the condominium owners are co-owners as tenants in common of the common areas of the development. And because plaintiff is neither a licensee nor an invitee, there was no duty owed to plaintiff by defendant under premises liability. [*Id*. at 642-643 (quotation marks and citation omitted).]

In the instant case, plaintiff slipped and fell while in a common area of defendants' condominium complex. The parties do not dispute that plaintiff owned a condominium in the

condominium complex owned and managed by defendants, and the parties were thus co-owners of the common areas of the condominium.[2] Like the plaintiff in *Francescutti*, plaintiff is a co-owner of the premises on which she fell. Plaintiff's purchase of a condominium unit in the condominium complex entitled her to occupy her condominium unit. It also entitled plaintiff to use the common areas of the condominium complex as long as she paid the required monthly fees and complied with the rules of the condominium complex. Because plaintiff was in possession of the condominium's common areas, which included the icy sidewalk, plaintiff was not on land that was in the possession of another when she suffered her injuries. She was thus neither an invitee nor a licensee at the time of the fall, and plaintiff was precluded from advancing a premises-liability claim.

## IV. ORDINARY NEGLIGENCE

Plaintiff argues the trial court erred when it opined that plaintiff's claims solely sounded in premises liability as opposed to ordinary negligence. We disagree.

"Michigan law distinguishes between a claim of ordinary negligence and a claim premised on a condition of the land." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 625; 971 NW2d 716 (2021). Whether the essence of an action sounds in negligence or in premises liability is determined by considering the plaintiff's complaint as a whole, irrespective of the labels attached to the allegations by the plaintiff. *Buhalis*, 296 Mich App at 691-692. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Bowman v Walker*, 340 Mich App 420, 426; 986 NW2d 419 (2022) (quotation marks, citation, and brackets omitted). A premises-liability action, however, does not preclude a separate claim grounded on an independent theory of liability based on the defendant's conduct. *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 15; 930 NW2d 393 (2018).

Plaintiff did not establish a distinct negligence action because her injuries arose from a dangerous condition on the land—the ice patch on the sidewalk—which sounds in premises liability. Plaintiff's complaint alleged that she slipped and fell on the icy sidewalk due to water leaking out of a nearby gutter, causing her to forcefully strike the ground. Plaintiff asserted that defendants knew, or should have known, that the leaking gutter on the property led to the accumulation of ice on the sidewalk, and defendants breached their duty to plaintiff by failing to

---

[2] A condominium owner has a fee interest in a condominium unit and is statutorily required to be a member of the association that has ownership and control over the common elements. A condominium owner "has such rights to share with other co-owners the common elements . . . as are designated by the master deed." MCL 559.163. Common elements are defined by statute as "the portions of the condominium project other than the condominium units." MCL 559.103. In some cases, they are also referred to as "common areas," which is the term used throughout this opinion. MCL 559.106(1) defines "co-owner" as "a person, firm, corporation, partnership, association, trust, or other legal entity or any combination of those entities, who owns a condominium unit within the condominium project."

maintain the premises in a reasonably safe manner and neglecting to repair the faulty gutter despite plaintiff's numerous grievances. However, when a "plaintiff alleges that the dangerous condition was created by the actions of defendant or its employees—or more accurately, their failure to act— that allegation does not transform a premises-liability action into one of ordinary negligence." *Jeffrey-Moise*, 336 Mich App at 625.

Ultimately, plaintiff's injury occurred because of a condition on the land, the ice patch on the sidewalk, rather than defendants' specific conduct. See *id*. (if a plaintiff's claim is based on the defendant's duty as the premises owner, and not on the defendant's ability to conform to a particular standard of care, it is a premises-liability action). Prior caselaw demonstrates similar slip and fall cases have been classified as premises-liability actions, and do not independently support a negligence claim. See *Jahnke v Allen*, 308 Mich App 472, 476; 865 NW2d 49 (2014), (the plaintiff slipping on concrete pavers, despite the defendant also escorting her across the property, only supported a premises-liability claim); see also *Jeffrey-Moise*, 336 Mich App at 625 (the plaintiff's slip and fall on black ice sounded in premises liability). Because plaintiff has not established a separate claim grounded on an independent theory of liability based on defendants' conduct, and plaintiff's action sounds in premises liability, the trial court did not err in dismissing plaintiff's ordinary negligence claim.

## V.  OPEN AND OBVIOUS DOCTRINE

Plaintiff argues the trial court erred when it granted defendants' motion for summary disposition because there is a genuine question of material fact concerning whether the icy sidewalk constituted an open and obvious hazard. We disagree.

The trial court was correct in its conclusion that an analysis under the open and obvious doctrine was moot because plaintiff was barred, as established in *Francescutti*, 312 Mich App at 642-643, from advancing a premises-liability claim due to her co-owner status of the common areas of the condominium, which extended to the icy sidewalk. "An issue is moot if an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014) (quotation marks and citation omitted). "As a general rule, this Court does not decide moot issues." *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019) (quotation marks, citation, and brackets omitted). As defendants owed plaintiff no duty to maintain the premises due to plaintiff's co-ownership of the condominium complex's common areas, the trial court appropriately concluded an examination of the alleged hazard under the open and obvious doctrine was moot.

## VI.  HOUSING LAW OF MICHIGAN

Plaintiff argues the trial court erred when it granted defendants' motion for summary disposition because the HLM imposes a duty on defendants to prevent unsafe conditions in common areas of the dwelling, which extends to the property sidewalk where plaintiff's injuries transpired due to defendants' failure to rectify the continuously leaking gutter. We disagree.

The HLM, specifically MCL 125.536(1), provides, in pertinent part:

When the owner of a dwelling regulated by this act permits unsafe, unsanitary or unhealthful conditions to exist unabated in any portion of the dwelling, whether a portion designated for the exclusive use and occupation of residents or a part of the common areas, where such condition exists in violation of this act, any occupant, after notice to the owner and a failure thereafter to make the necessary corrections, shall have an action against the owner for such damages he has actually suffered as a consequence of the condition.

One prerequisite to establishing a violation of the aforementioned statute is that the condition exists in a portion of the dwelling. MCL 125.402(1) defines dwelling as "any house, building, structure, tent, shelter, trailer or vehicle, or portion thereof, (except railroad cars, on tracks or rights-of-way) which is occupied in whole or in part as the home, residence, living or sleeping place of 1 or more human beings, either permanently or transiently . . . ."

The sidewalk where plaintiff slipped was not in a "portion of [her] dwelling." Even though it is arguably a "common area" of the condominium complex, it was not a "common area" of the "dwelling[,]" as the icy sidewalk was located outside of plaintiff's condominium unit. Consequently, the trial court did not err when it determined the HLM was inapplicable, and it appropriately granted defendants' motion for summary disposition.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola