*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARCQUESIA WALKER,

       Plaintiff-Appellant,

v

HELA MANAGEMENT, LLC, and THE D PORTFOLIO, LLC,

       Defendants-Appellees.

UNPUBLISHED
July 15, 2021

No. 354403
Macomb Circuit Court
LC No. 2018-004108-NO

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

In this premises-liability action, plaintiff appeals the trial court's order granting summary disposition to defendants, Hela Management, LLC and The D Portfolio, LLC. We affirm.

## I. BACKGROUND

Plaintiff and her long-term fiancé have two children and wanted to move to an apartment owned by The D Portfolio and managed by Hela Management. Plaintiff was the one who communicated with Anne Deleo, a representative for Hela Management, about renting the property. According to plaintiff, when it came time to sign the lease for the single-family home, Deleo told plaintiff that she did not need to be named to the lease because only plaintiff's finance's income was used for the apartment application. After moving in, plaintiff informed Deleo about a broken tile on the basement staircase and sent Deleo a picture of it. Plaintiff continued to use the basement staircase to access the washer and dryer in the basement as well as a freezer. About a week later, plaintiff stepped on a broken piece of tile and fell down the basement stairs.

Plaintiff filed suit against defendants, asserting a claim of premises liability and violations of MCL 554.139 (landlord's duty to keep premises in reasonable repair) and the Housing Law of Michigan, MCL 125.401 *et seq.* After discovery, defendants filed a motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact), arguing that they did not owe a duty of care to plaintiff because the broken tile was an open and obvious danger without any special aspects. Moreover, defendants argued that the Housing Law was inapplicable to rental homes in Eastpointe, Michigan. Finally, defendants argued that plaintiff could not assert a

-1-

violation of MCL 554.139 because she was not a tenant or a party to the lease. Plaintiff filed a response brief, arguing in part that MCL 554.139 was applicable to her because the statute was intended to be liberally construed and she was not a social guest in her home.

After hearing oral argument, the trial court issued an opinion and order granting defendants' motion. The court ruled that plaintiff's premises-liability claim was barred by the open and obvious danger doctrine and that the Housing Law does not apply to the rental home. Relevant to this appeal, the court held that defendants owed no duty to plaintiff under MCL 554.139 because she was not a party to the lease agreement. The court denied plaintiff's motion for reconsideration and this appeal followed.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court erred by holding that she did not have a cause of action under MCL 554.139.[1]

"MCL 554.139 provides a specific protection to lessees and licensees of residential property in addition to any protection provided by the common law." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). The statute provides in relevant part:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants willful or irresponsible conduct or lack of conduct.

---

[1] We review de novo a trial court's ruling on a motion for summary disposition. See *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to a judgment or partial judgment as a matter of law." MCR 2.116(C)(10); *Finazzo v Fire Equip Co*, 323 Mich App 620, 625; 918 NW2d 200 (2018). A genuine issue of material fact exists if, when reviewing the record in the light most favorable to the nonmoving party, an issue upon which reasonable minds might differ remains open. *Debano-Griffin v Lake Co*, 493 Mich 167; 828 NW2d 634 (2013) (citations omitted). We also review de novo questions of statutory interpretation. *Odom v Wayne Co*, 482 Mich 459, 467; 760 NW2d 217 (2008).

* * *

> (3) The provisions of this section shall be liberally construed . . . . [MCL 554.139.]

"The statutory protection under MCL 554.139(1) arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease." *Allison*, 481 Mich 425. Accordingly, a breach of the landlord's duty to maintain the premises in accordance with MCL 554.139 is construed as a breach of the lease's terms. *Id.*

In *Mullen v Zerfas*, 480 Mich 989 (2007),[2] the Supreme Court held that this Court erred by indicating in a different case that "MCL 554.139(1) establishes a duty on the part of owners of leased residential property to invitees or licensees generally." The Supreme Court explained:

> The covenants created by the statute establish duties of a lessor or licensor of residential property to the lessee or licensee of the residential property, most typically of a landlord to a tenant. By the terms of the statute, the duties exist between the contracting parties. [*Id.* at 989-990.]

Accordingly, the Court held that the landlord in *Mullen* did not owe a duty under MCL 554.139(1) to the plaintiff, "a social guest of the tenant." *Id.* at 990. Similarly, in *Allison*, 481 Mich at 431, the Court stated that "a non-tenant could never recover under [MCL 554.139] because a lessor has no contractual relationship with—and therefore, no duty under the statute to—a non-tenant."

Plaintiff first argues that she should be considered a tenant considering the evidence that defendants or their agent knew that she was residing in the apartment. Specifically, plaintiff was the only contact person for negotiating and entering the lease, she met with defendants' representatives at the rental home to tour it, and she communicated with defendants on maintenance requests at the rental home after she had moved into it and during her tenancy. Defendants dispute that plaintiff was a tenant but, even if she was, they contend that she was not a party to the lease and therefore was not a "contracting party" under *Mullen*. It bears mentioning that the plaintiff in *Mullen* was a true social guest rather than a residential family member.[3] Further, MCL 554.139 makes no mention of "contracting parties," and the Supreme Court did not expressly consider in its peremptory order that the statute is to be liberally construed. And *Mullen*'s interpretation of the statute suggests that landlords owe no duty under MCL 554.139 to any members of the lessee's resident family, including children, who are incapable of contracting. It is not clear to us that this was the intent of the Legislature and, were we considering the statute on a blank slate, we might reach a different result.

---

[2] Orders from our Supreme Court are binding if they are a final disposition of an application and contain a concise statement of the applicable facts and the reason for the decision. *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012).

[3] See *Mullen v Zerfas*, unpublished opinion of the Eaton Circuit Court, issued November 17, 2006 (Docket No. 06-165-NO).

The slate is not blank, however, and we agree with defendants that we are bound by the Supreme Court's conclusion that the statute applies only to "contracting parties" to the lease, which plaintiff indisputably was not. Regardless whether or not plaintiff meets the definition of "tenant,"[4] plaintiff did not have any contractual duties to defendants; if the amount owed for the rental home was not paid, defendants had no right to collect that payment from plaintiff. Likewise, plaintiff did not have any contractual rights under the lease agreement; for instance, plaintiff had no right to claim a deposit paid for the rental home. There was also no consideration between plaintiff and defendants for plaintiff to reside in or use the rental home. See *AFT Mich v Michigan*, 497 Mich 197, 235; 866 NW2d 782 (2015) (a valid contract requires legal consideration).

Plaintiff alternatively argues that she should be considered a licensee of the rental home. "[A] license is a permission to do some act or series of acts on the land of the licensor without having any permanent interest in it . . . ." *Kitchen v Kitchen*, 465 Mich 654, 658; 641 NW2d 245 (2002) (quotation marks and citation omitted). Even assuming that defendants knew plaintiff was residing in the home, they had not entered into an agreement with her such that plaintiff could be considered a contracting party. Thus, plaintiff was not a "licensee" as that term is used in MCL 554.139.[5]

Affirmed.

/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

---

[4] "Tenant" is defined by the Landlord and Tenant Relationships Act, MCL 554.601 *et seq.*, as "a person who occupies a rental unit for residential purposes with the landlord's consent for an agreed upon consideration." MCL 554.601(d).

[5] To the degree that plaintiff is referring to the common law use of the term licensee in premises-liability cases, the trial court held that her suit was barred by the open and obvious doctrine and she has not appealed that ruling.