*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JILLIAN T. HUDGINS,

      Plaintiff-Appellant,

v

IBRAHIM M. FARAJ,

      Defendant-Appellee.

UNPUBLISHED
May 4, 2023

No. 361732
Wayne Circuit Court
LC No. 21-006159-NO

Before: M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

In this premise liability case, plaintiff appeals as of right the trial court's order granting summary disposition to defendant. We affirm.

On January 21, 2020, plaintiff, a United States Postal Service (USPS) worker, entered defendant's property to deliver mail to his door after determining she could safely traverse the snowy driveway. Plaintiff made it to defendant's door, but slipped on snow-covered ice and fell on her way back down the driveway. Plaintiff had removed the cleats she wore to assist her in traversing slippery surfaces prior to encountering defendant's house and did not put them back on before entering defendant's property. Plaintiff incurred injuries from the fall. Plaintiff filed a complaint alleging that defendant failed to perform his duty to keep his premises reasonably safe for invitees by allowing the snow and ice to accumulate. Defendant denied liability for plaintiff's injuries and moved for summary disposition, arguing that the driveway's slippery condition was an open and obvious condition without special aspects that plaintiff chose to encounter. Plaintiff argued that, although the condition of the driveway presented an open and obvious risk of harm, it was unavoidable because plaintiff either had to traverse it to deliver the mail or to deliver a letter stating mail would no longer be delivered until the snow and ice on the driveway was removed. The court granted defendant's motion for summary disposition after finding the driveway presented an open and obvious condition without special aspects. The court held that the condition was not unavoidable because the USPS policy allowed plaintiff to refuse to deliver mail when she felt unsafe doing so without any repercussions.

-1-

On appeal, plaintiff argues that the trial court erred by granting summary disposition because a genuine question of material fact exists regarding whether special aspects existed that negated the open and obvious doctrine, namely, that the ice was unavoidable. We disagree.

This Court "reviews de novo a trial court's ruling on a motion for summary disposition." *Zarzyski v Nigrelli*, 337 Mich App 735, 740; 976 NW2d 916 (2021). A party is entitled to summary disposition pursuant to MCR 2.116(C)(10) when the evidence does not present a genuine issue of material fact. *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 470; 957 NW2d 377 (2020). "A genuine issue of material fact exists when the record, viewed in the light most favorable to the nonmoving party, leaves open an issue upon which reasonable minds might differ." *MacDonald v Ottawa Co*, 335 Mich App 618, 622; 967 NW2d 919 (2021) (quotation marks and citation omitted). "The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Jewett*, 332 Mich App at 470 (quotation marks and citation omitted). This includes pleadings, affidavits, admissions, and depositions along with other evidence submitted by the parties. *Walega v Walega*, 312 Mich App 259, 265-266; 877 NW2d 910 (2015). When considering a motion under MCR 2.116(C)(10), "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence[.]" *Id*. The trial court dismissed plaintiff's negligence claim because it found that this action sounded in premises liability, as opposed to ordinary negligence. The focus of the argument is whether defendant's driveway was an unsafe condition on his land. "When the claim is based on a condition of the premises, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Pugno v Blue Harvest Farms, LLC*, 326 Mich App 1, 13; 930 NW2d 393 (2018) (quotation marks and citation omitted). Therefore, the claim sounds only in premises liability.

In premises liability cases, "a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014) (quotation marks and citation omitted). "Questions regarding whether a duty exists are for the court to decide as a matter of law." *Id*. (quotation marks and citation omitted). The threshold question in a negligence action is whether the defendant owed a duty to the plaintiff. *Hill v Sears, Roebuck and Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). There can be no tort liability if the defendant did not owe a duty to the plaintiff. *Id*.

In general, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Finazzo v Fire Equip Co*, 323 Mich App 620, 626; 918 NW2d 200 (2018) (citation omitted). An invitee is someone who enters the "property of another for business purposes." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). Plaintiff was an invitee in

this case because she entered defendant's property to deliver defendant's mail—a business purpose. See *id*. However, "this duty does not extend to having to remove open and obvious dangers absent the presence of special aspects." *Finazzo*, 323 Mich App at 626. "A condition of the land is open and obvious when it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. (quotation marks and citation omitted).

Plaintiff, as an invitee on defendant's property, was injured after falling on defendant's snow-and-ice-covered driveway. Defendant is not liable for plaintiff's injuries, however, if the snow and ice on the driveway presented an open and obvious condition without attendant special aspects. *Finazzo*, 323 Mich App at 626 ("Special aspects exist and impose a duty of care to protect those lawfully on the premises even if a hazard is open and obvious when the condition is effectively unavoidable or imposes an unreasonably high risk of severe harm."). A landowner does not have to make his land foolproof to prevent people from harming themselves. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995) (citation omitted). Generally, open and obvious dangers do not have to be removed because the open and obvious doctrine will cut off liability. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001) (citation omitted). The snow-and-ice-covered driveway was an open and obvious danger on defendant's land because it was reasonable to expect that an average person with ordinary intelligence would have discovered that the driveway was covered with snow and ice upon casual inspection. See *Finazzo*, 323 Mich App at 626 ("A condition of the land is open and obvious when it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection."). A snow-covered surface presents an open and obvious danger as a matter of law because of the high probability that it may be slippery or have ice underneath the snow. *Bowman v Walker*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355561); slip op at 3. The fact that ice is covered by snow does not negate the application of this rule. *Id*. In fact, both the snow-covered driveway and snow-covered grass were open and obvious dangers. See *Nathan, Trustee of Estate of Charles v David Leader Mgt, Inc*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 357420); slip op at 4 (holding that ice-covered walkways and snow-covered grass alongside the icy walkway were both open and obvious dangers). Indeed, plaintiff admitted that she knew there could be a layer of ice beneath the snow. So both legally and factually, plaintiff is rightly imputed with the knowledge that the driveway presented a risk of harm.

Plaintiff does not deny that the hazardous condition of the driveway was open and obvious. Rather, plaintiff asserts that the condition was unavoidable. An open and obvious condition can give rise to liability when it cannot be avoided. *Hoffner v Lanctoe*, 492 Mich 450, 463; 821 NW2d 88 (2012); *Finazzo*, 323 Mich App at 626. "An 'effectively unavoidable' hazard must truly be, for all practical purposes, one that a person is required to confront under the circumstances." *Hoffner*, 492 Mich at 472. "[A]n 'effectively unavoidable' condition must be an inherently dangerous hazard that a person is inescapably required to confront under the circumstances." *Id*. at 465. The key to determining whether a condition is effectively unavoidable is whether reasonable alternatives were available, such as using a different path. *Bowman*, ___ Mich App at ___; slip op at 4. The availability of a safe, alternative path can render a dangerous condition avoidable. *Nathan*, ___ Mich App at ___; slip op at 5. "[A] court cannot conclude that a hazard was avoidable simply because the employee could have elected to skip work or breach other requirements of his or her work." *Id*. (quotation marks and citation omitted).

The hazardous condition was not avoidable simply because plaintiff could have walked on the snow-covered grass rather than the driveway because both the driveway and grass presented open and obvious dangers which plaintiff would have had to encounter if she delivered defendant's mail. *Id*. at ___; slip op at 4. Even conceding that the grass and driveway presented a dangerous condition plaintiff would have had to encounter if she delivered defendant's mail, plaintiff admitted that she could have refused to deliver the mail to defendant and that she has refused to deliver mail on previous occasions. Thus, there was no genuine issue of material fact regarding whether plaintiff could have refused to deliver defendant's mail on the day of her accident. Indeed, plaintiff agreed that, "In any event, there are procedures in place so that you don't have to access a property where you don't feel that you can safely do your job." Plaintiff affirmed that she could have refused to enter the property that day if she felt unsafe doing so, and she had refused to deliver to plaintiff in the past. Plaintiff testified that she does not get reprimanded for refusing to deliver mail if she feels unsafe doing so.[1] Therefore, based on plaintiff's own testimony, she had a reasonable alternative to confronting the open and obvious danger of crossing defendant's snow-covered property. See *Bowman*, ___ Mich App at ___; slip op at 4 (holding that an open and obvious condition is avoidable if there was a reasonable alternative to confronting it); see also *Nathan*, ___ Mich App at ___; slip op at 5 (holding that the availability of a safe, alternative path can render a dangerous condition avoidable). Because plaintiff could have refused to deliver defendant's mail, she was not required to confront the hazard. See *Hoffner*, 492 Mich at 472 ("An 'effectively unavoidable' hazard must truly be, for all practical purposes, one that a person is required to confront under the circumstances."). Since plaintiff was not required to confront the hazard, reasonable minds could not differ on the conclusion that the snowy driveway was avoidable.[2] Accordingly, the open and obvious doctrine shields defendant from liability for plaintiff's injures.

Plaintiff suggests that we hold the case in abeyance until the Supreme Court decides certain cases involving the open and obvious doctrine which currently have leave applications pending in the Supreme Court. This Court may hold a case in abeyance pending a Supreme Court decision implicating the same issue. See *Newton v Bank West*, 262 Mich App 434, 436; 686 NW2d 491 (2004) ("After leave to appeal was granted by this Court, the appeal was held in abeyance pending our Supreme Court's decision.") We affirm under the current authority of binding caselaw.

Affirmed. Defendant may tax costs.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney

---

[1] Though plaintiff argues that the court's judicial notice of the USPS's policy was improper, the argument is not outcome determinative. In other words, whether the court took improper judicial notice of the USPS's policy is nonconsequential because plaintiff admitted in her own testimony that the USPS's policy allowed her to refuse to deliver to a location if she felt unsafe doing so.

[2] The fact that plaintiff could not avoid encountering the hazard after delivering the mail does not negate the open and obvious defense because plaintiff put herself in a position where she would have to encounter an open and obvious danger.