*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELIZABETH MUCZYNSKI,

        Plaintiff-Appellant,

v

UNASOURCE HEALTH, LLC,

        Defendant-Appellee.

UNPUBLISHED
August 31, 2023

No. 363124
Oakland Circuit Court
LC No. 2021-188208-NO

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

This action arises from injuries plaintiff sustained after her ankle was hit by a revolving door owned by defendant. Plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We vacate the trial court's order and remand for further proceedings.

## I. FACTS

Plaintiff was struck on the ankle by a revolving door she used to exit defendant's building. Plaintiff had paused after exiting the revolving door, believing she was outside of its rotational path because there was a line on the ground dividing the painted floor inside the revolving door from the cement, seemingly outside the path of the revolving door. However, the revolving door extended approximately six inches past the line between the cement and the paint and struck plaintiff's ankle, causing her injuries. Plaintiff had been coming to defendant's office for eight to ten years prior to her accident, occasionally using the revolving door instead of the regular side door. The revolving door was manually operated, and plaintiff testified that no one else was coming behind her when she fell, though she told medical personnel that many people were coming out after her when the revolving door struck her ankle. In the 14 years Anthony Caiozzo, defendant's building manager, worked for defendant, no one had been injured by, nor complained about, the revolving door or the flooring design—which did not change during those 14 years.

In her complaint, plaintiff claimed the pavement surrounding the revolving door was deceptively painted in a manner that led users to believe they had cleared the revolving door's path, when in fact they had not. Defendant subsequently argued it was entitled to summary

-1-

disposition because (1) the allegedly hazardous condition was open and obvious; (2) defendant did not breach a duty of care it owed to plaintiff because its design of the revolving door and attendant flooring did not breach a code, statute, ordinance, or other regulation, and, if it did, the company defendant contracted with to maintain the revolving door was liable for plaintiff's injuries; (3) plaintiff was unable to establish the cause of her injuries; and (4) plaintiff failed to present evidence that defendant had notice of the allegedly hazardous condition.

Plaintiff responded by arguing that (1) the hazard the revolving door posed was not open and obvious, rather, the flooring was deceptively misleading; (2) defendant was the party liable for plaintiff's injuries because it had possession and control of the premises when plaintiff was injured, and breached its duty of care to plaintiff by failing to protect plaintiff from the foreseeable danger created by the misleading floor design; (3) the misleading mark defendant allowed to remain on the floor caused plaintiff to believe she was safe once she stepped onto the cement, ultimately leading to her injuries; and (4) defendant had notice of the hazardous condition because it had existed for at least 14 years.

The trial court granted defendant's motion for summary disposition after concluding that the condition was open and obvious, without attendant special aspects. Plaintiff filed a motion for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

This Court "reviews de novo a trial court's ruling on a motion for summary disposition." *Zarzyski v Nigrelli*, 337 Mich App 735, 740; 976 NW2d 916 (2021). A party is entitled to summary disposition pursuant to MCR 2.116(C)(10) when the evidence does not present a genuine issue of material fact. *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 470; 957 NW2d 377 (2020). "A genuine issue of material fact exists when the record, viewed in the light most favorable to the nonmoving party, leaves open an issue upon which reasonable minds might differ." *MacDonald v Ottawa Co*, 335 Mich App 618, 622; 967 NW2d 919 (2020) (quotation marks and citation omitted). "The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Jewett*, 332 Mich App at 470 (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff argues the trial court erred in granting summary disposition in favor of defendant because there were genuine issues of material fact regarding whether the hazardous condition created by the misleading floor marking was open and obvious, defendant breached its duty owed to plaintiff as a business invitee, defendant's negligence was the direct and proximate cause of plaintiff's injuries, and defendant had actual or constructive notice of the hazard before plaintiff sustained her injuries.

## A. OPEN AND OBVIOUS DOCTRINE

It is undisputed that at the time of her fall, plaintiff was a business invitee. *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 627; 971 NW2d 716 (2021) (explaining that an invitee is someone who enters another's property for a business purpose). This

means defendant owed plaintiff a duty to exercise reasonable care to protect her from unreasonable risks of harm caused by dangerous conditions on the land. *Finazzo v Fire Equip Co*, 323 Mich App 620, 626; 918 NW2d 200 (2018).

In premises liability cases, "a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014) (quotation marks and citation omitted). The open and obvious doctrine had generally shielded premises possessors from liability where an invitee is harmed by a condition on the land that is open and obvious. *Finazzo*, 323 Mich App at 626. "A condition of the land is open and obvious when it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.* (quotation marks and citation omitted).

After the trial court resolved this matter, and after oral argument before this Court, the Supreme Court issued *Kandil-Elsayed v F & E Oil, Inc*, __ Mich __; __ NW2d __ (2023). In that consolidated case, the Court reversed two aspects of *Lugo v Ameritech Corp Inc*, 464 Mich 512; 629 NW2d 384 (2001):

> First, we overrule *Lugo*'s decision to make the open and obvious danger doctrine a part of a land possessor's duty. Rather, we hold that the open and obvious nature of a condition is relevant to breach and the parties' comparative fault. Second, we overrule the special-aspects doctrine and hold that when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care. [*Kandil-Elsayed*, __ Mich at __, slip op at 2]

Instead, under *Kandil-Elsayed*, the consideration of whether a condition is objectively open and obvious is relevant to a defendant's breach and plaintiff's comparative fault. *Id.*, slip op at 39-40. Here, the trial court properly considered whether the condition was open and obvious as part of defendant's duty of care, as that is what was called for under *Lugo* and its progeny. But that law has changed.

Because the legal framework applicable when the trial court decided defendant's motion for summary disposition has been significantly altered, we vacate the trial court's order and remand for further proceedings consistent with this opinion, which will entail application of the principles announced in *Kandil-Elsayed*. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado